IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TAMMY L. MEADOWS**                                                              **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.:4:19-CV-126-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, find that the decision of the Commissioner is reversed, and the case remanded for the following reasons:

**Physical RFC**

The plaintiff raises four issues. She argues first the assigned physical RFC is not supported by substantial evidence and that she is physically not able to perform work at a medium level of exertion. Because the court has decided that remand is warranted based on the remaining three arguments, it need not address this issue.

**ALJ's Analysis of Mental Medical Sources**

In the next three assignments, Meadows finds fault with the way the ALJ evaluated the medical information coming from her two therapists, Downey and Windham, and from the consulting examiner, Dr. Whelan.

The ALJ, in his decision, repeated extended portions of the records of the therapists and the CE, and provided a limited analysis of his consideration of Downey's medical source statement. He, however, provided no analysis of Windham's or Whelan's records and findings. He has not addressed the weight he gave or the persuasiveness of their opinions and findings, nor has he provided any explanation for his presumed disregard to their findings. Consquently, the decision does not provide the statutorily mandated explanation for the decision. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Also, the ALJ posed six hypotheticals to the VE. Three of the hypotheticals followed the findings of the three treating/examining sources. The VE responded to each of these three hypotheticals stating there would be no jobs available. Without expressed findings and an explanation, the court is unable to determine if the decision is supportable and the error is therefore prejudicial.

As previously noted, the ALJ provided some explanation for his assessment of Downey's opinions, noting she was not an acceptable medical source. But he further discounted her medical source statement because her treatment records were not included in the administrative record. While the plaintiff bears the burden of proof, the Commissioner also has a duty to develop the record. Here, because the ALJ relied on the absence of Downey's treatment notes from the record to discount her findings, and because this case must be remanded for other reasons, the court finds that the ALJ had a duty to seek these records and must on remand attempt to develop this aspect of the record.

**IT IS ORDERED AND ADJUDGED**, that the decision of the Commissioner is reversed and remanded for further proceedings.

On remand, the Commissioner shall obtain Downey's treatment records, if available. The Commissioner shall reconsider and evaluate the records and opinions of the treating therapists and the consulting examiner and explain the rationale for any decision denying benefits.

**THIS** the 6th day of May, 2020.

                                            **/s/ David A. Sanders**
                                            **U.S. MAGISTRATE JUDGE**